931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HOME SHOPPING NETWORK, INCORPORATED, Home Shopping Club,
Incorporated, d/b/a Home Shopping Club Home
Shopping, Plaintiffs-Appellees,
v.
HAPPY MIND, INCORPORATED, d/b/a The Happy Mind Home Shopping
Club, Defendant-Appellant,
and
One UP Enterprises, Incorporated, Defendant.
 No. 90-2418.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1991.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-90-537-A)
 Samuel D. Littlepage, III, Washington, D.C. (argued), for appellant; Michael T. Platt, Washington, D.C., on brief.
 Bradford Elby Kile, Baker & McKenzie, Washington, D.C., for appellees; Ruffin B. Cordell, Baker & McKenzie, Washington, D.C., on brief.
 E.D.Va.
 REVERSED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, Sitting By designation.
 PER CURIAM:
 
 
 1
 In response to a three-count complaint charging trademark infringement, the defendant, Happy Mind, Inc., filed a motion to strike Count III. At the hearing on the motion, the district court not only denied the motion to strike but sua sponte entered judgment in favor of plaintiffs. Happy Mind appeals, contending that the district court erred in failing to provide adequate notice prior to the entry of judgment. Because we believe that in the circumstances the defendant should have been given more advanced warning of a motion directed to the merits, we reverse.
 
 
 2
 Happy Mind, doing business as "The Happy Mind Home Shopping Club," was engaged in the business of catalog and telephone retailing of grocery and consumer goods. On November 9, 1989, counsel for Home Shopping Network, Inc. and Home Shopping Club. Inc. (hereinafter "Shopping Network") sent a letter to Happy Mind demanding that Happy Mind cease all infringing use of the marks "HOME SHOPPING" and "HOME SHOPPING CLUB." Happy Mind's general manager responded that its president was "inclined" to bow to Shopping Network's demand if a six month phase out period could be worked out. Counsel for Shopping Network responded with a letter that accepted what it termed Happy Mind's offer. At this time, Happy Mind obtained counsel, who then requested data from Shopping Network which would support the legal claims made in the November 9 demand letter. A series of correspondence between counsel followed, attempting to reach a settlement and compromise of the dispute. When this failed, Shopping Network filed suit.
 
 
 3
 While the essence of the complaint against Happy Mind was infringement and unfair competition, it also contained a breach of contract claim (Count III) which sought to enforce a settlement agreement which resulted from Shopping Network's acceptance of Happy Mind's "offer" to cease using the mark after a six-month phase out period. Happy Mind filed an answer to the infringement and unfair competition counts, and in response to the breach of contract claim it filed a motion to strike under Fed.R.Civ.P. 12(f). Its motion was premised upon the argument that the letters providing evidence of the alleged November settlement were excludable under Rule 408 of the Federal Rules of Evidence (excluding specified evidence of compromise).
 
 
 4
 The motion to strike was "noticed" for hearing on June 1, 1990. On May 24, 1990, Shopping Network served its response to the motion and a cross-motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The cross-motion was not noticed for argument.
 
 
 5
 At the June 1 hearing, the court denied the motion to strike. In denying the motion, however, the court proceeded, sua sponte, to interpret the letters attached to the complaint as a binding contract and thereby resolved Count III affirmatively in favor of the plaintiff:
 
 
 6
 I think this is a contract. The "inclined," the word "inclined" is the key, or could be the key, but I think in the context in which it was used, and the being in response to the cease-and-desist letter, that this is a binding contract. I think the plaintiff is entitled to judgment.
 
 
 7
 It is sort of an offensive accord and satisfaction, but it is in my view a binding contract, and I so find. I will prepare the order. I think that will resolve the case, though.
 
 
 8
 J.A. 84-85. When counsel for defendant pointed out to the court that only a motion to strike was pending and no answer had yet been filed, the following dialogue took place with the court:
 
 
 9
 MR. LITTLEPAGE: Your Honor, before the Court this morning was a motion to strike.
 
 
 10
 THE COURT: I know.
 
 
 11
 MR. LITTLEPAGE: Nothing more. We have not even responded to the allegations--
 
 
 12
 THE COURT: You responded to the allegations by saying not only should it not be stricken, but what you want stricken was not an offer of compromise but was in effect a compromise agreement. I have agreed to it.
 
 
 13
 MR. LITTLEPAGE: Well, Your Honor, there has been no discovery as to the authority to enter into any kind of settlement negotiations. To in essence give summary judgment without notice, I think would be in error, because that is exactly what this Court is proposing to do, it seems.
 
 
 14
 THE COURT: I am not only proposing to, I have done it.
 
 
 15
 J.A. 85. Both parties agree that the court's action was tantamount to its granting, sua sponte, a motion for summary judgment in favor of plaintiff.
 
 
 16
 Assuming that the district court somehow relied on the pending motion of plaintiff under Rule 12(c) to dispose of the case, Happy Mind argues that the court erred in hearing argument on Shopping Network's cross-motion for judgment on the pleadings. It contends that the cross-motion was not noticed for argument that day and that Happy Mind received the motion only two days before the hearing. Second, it argues that the 12(c) cross-motion cannot properly be before the court because the pleadings remained open since no answer had been filed. Under Rule 12(f), a motion to strike must be made before responding to a pleading. Thus, Happy Mind could not have answered the breach of contract count of the complaint until the court ruled on the motion to strike.
 
 
 17
 Although the Rule 12(c) cross-motion should not have been considered at the June 1 hearing, there is no reason to believe the court relied on that motion. Rather, the record seems to support the conclusion reached by the parties that the court entered summary judgment sua sponte.
 
 
 18
 Shopping Network argues that the district court did not err in its entry of summary judgment sua sponte because the validity of the settlement agreement was put in issue by Happy Mind through its motion to strike. Thus, Happy Mind had an opportunity at the June 1 hearing to present its position regarding the validity of the agreement. While Shopping Network agrees that generally prior notice must be given before entering summary judgment, it argues that in this case, notice was not necessary. Once the court determined under the Rule 12(f) motion that the agreement was valid, there was no genuine issue left.
 
 
 19
 The flaw in Shopping Network's argument is its assumption that the validity of the agreement was put in issue by the motion to strike. Happy Mind moved to strike the breach of contract claim on the grounds that the attached letters constituting settlement negotiations were barred by Rule 408 of the Federal Rules of Evidence. While Rule 408 does bar the use of settlement negotiations and agreements as evidence of liability on the underlying claim (here, trademark infringement), the trial court correctly perceived that it does not bar such evidence in a contract claim on the settlement agreement itself. "If the acceptance of the compromise results in an enforceable contract, which is subsequently repudiated, the aggrieved party can obviously, in a suit on the contract, prove the offer of the compromise, its acceptance, and the surrounding circumstances." 2 J. Weinstein & M. Berger, Weinstein's Evidence p 408 (1990).
 
 
 20
 In order to deny the motion to strike, then, the court only needed to determine that Rule 408 does not apply to actions on the agreement itself. The district court did not need to reach the merits and decide the validity of the agreement. By proceeding to resolve the case on the merits when the merits were not in issue, the court denied Happy Mind its right to notice that the court would take such action. While a court inherently possesses the power to enter summary judgment sua sponte, "that power is contingent on giving the losing party notice that it must come forward and defend its claim." U.S. Dev. Corp. v. Peoples Federal Sav. & Loan, 873 F.2d 731, 735 (4th Cir.1989). This notice should provide the full ten days called for by Fed.R.Civ.P. 56(c) so that "the party [has] a reasonable opportunity to present all material pertinent to the claims under consideration." Id. at 735.
 
 
 21
 By proceeding without notice, the court could at most have decided the question of whether the letters evidenced an agreement. Since the letters were not between principals, but rather their representatives, other alleged issues, such as the authority of the representatives and the alleged illusory nature of the promise, were never reached.
 
 
 22
 For the reasons expressed, we reverse the entry of judgment.
 
 REVERSED